**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| H&R BLOCK EASTERN ENTERPRISES, INC., HRB INNOVATIONS, INC., AND H&R BLOCK ENTERPRISES LLC | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 13-cv-00072 |
| INTUIT, INC. | ) ) ) | |
| Defendant. | ) ) ) ) | |

## MOTION FOR EXPEDITED DISCOVERY AND SUPPORTING SUGGESTIONS

Plaintiffs H&R Block Eastern Enterprises, Inc., HRB Innovations, Inc., and H&R Block Enterprises LLC (collectively, "Plaintiffs") move the Court pursuant to Rules 26(d) of the Federal Rules of Civil Procedure for an Order allowing Plaintiffs to immediately serve certain limited discovery requests on Defendant. The discovery requests are directed at acquiring substantiation (or the lack thereof) of claims made in Defendant's advertisements for and promotion of its "TurboTax" product and services. Plaintiff requires expedited discovery in order to support its Complaint and its concurrently filed Motion for Preliminary Injunction ("Preliminary Injunction Motion"). In support of this motion, Plaintiffs state as follows:

1.      As set forth in the Complaint and in Plaintiff's Preliminary Injunction Motion, Defendant has created and is presently broadcasting a new national advertising campaign (the "Campaign") that uses Plaintiffs' Mark in a manner that casts false, misleading, and baseless aspersions on H&R Block's services and the qualifications of its personnel by suggesting—and in some cases outright asserting—that, *inter alia*, Defendant's TurboTax product is used, and thus trusted by, more U.S. taxpayers than H&R Block and all other major retail office tax

preparation services combined; that H&R Block recruits tax preparers with "no experience;" and that H&R Block tax preparers are not adequately trained and credentialed, and are merely seasonal employees, while (in supposed contrast) the advisors made available by TurboTax to answer customer questions are "real tax experts."

2.    Defendant's claims are unsupported and its actions are not innocent.    The Campaign was timed to capture the maximum illegal benefit for Defendant and to inflict the maximum harm on Plaintiffs, having been launched at the outset of the busiest time of the year for tax preparers – the start of the tax season.

3.    The individual income tax preparation business is uniquely time-sensitive, in that it is a seasonal business, with the overwhelming percentage of clients filing their tax returns between mid to late January and April 15.  For H&R Block, this means that the vast majority of its annual net tax preparation revenues are earned in this three-month period.  And, in particular, a substantial portion of this revenue is earned during the compressed, peak period from late January through mid-February.

4.    Due to the unusual structure of tax season, every day that that the Campaign continues to run, Plaintiffs suffer irreparable harm far greater than other businesses that do not collect the vast majority of their revenues during this small segment of the year.  Fair and lawful conduct by all competitors in the tax preparation industry, including Defendant, is especially critical during this timeframe.

5.    Every day that the Campaign continues to run, Plaintiffs suffer great harm in that Defendant's misinformation may lure an untold number of consumers to Defendant's product, dissuade consumers from seeking Plaintiffs' services, or both.

2

6.      To the extent consumers are duped by the Campaign and Defendant acquires new customers as a result, H&R Block will not only lose those customers for this tax season, it may lose them for future years, as many customers tend to use the same tax preparation method year after year.

7.      Defendant is using the H&R Block Mark in interstate commerce to market Defendant's TurboTax products through the Campaign.  Defendant's Campaign is deceptive, false and/or misleading and its use of the Mark is unauthorized, false and likely to confuse, deceive and/or mislead consumers.

8.      Defendant's actions constitute violations of the Lanham Act and Missouri common law.  Plaintiffs come to this Court for appropriate legal and equitable relief prohibiting Defendant from using and benefiting from its false, misleading, and deceptive marketing Campaign and its unauthorized and improper use of Plaintiffs' legally protected trademark.

9.      Plaintiffs seek emergency injunctive relief against the Defendant to prevent it from engaging in any further such actions and to air corrective advertisements retracting the misleading marketing or promotional materials.

10.     To support the Preliminary Injunction Motion and Complaint, Plaintiffs seek the Court's authorization to immediately serve discovery requests on Defendant demanding substantiation for the claims made in the Campaign.

11.     Appended hereto as Exhibits A and B, respectively, are the interrogatories and document requests for which Plaintiffs seek Court approval.  Plaintiffs request that Defendant be required to respond to the discovery within four (4) calendar days of the date of service.

3

12.     Such expedited discovery and response is necessary so that Plaintiffs can seek the immediate cessation of the claims in Defendant's Campaign that Plaintiffs believe to be—and seek through the discovery to prove—are false and unsupportable.

13.     Time is further of the essence to Plaintiffs as explained above and in the Complaint and Preliminary Injunction Motion, because with each day the Campaign continues to run, Plaintiffs suffer great harm in that Defendant's misinformation may lure an untold number of consumers to Defendant's product, dissuade consumers from seeking Plaintiffs' services, or both.

14.     District Courts have broad power under the Federal Rules of Civil Procedure to permit expedited discovery in appropriate cases, and expedited discovery is particularly appropriate where, as here, a plaintiff seeks injunctive relief.  *Monsanto Co. v. Woods*, 250 F.R.D. 411, 412 (E.D. Mo. 2008); *Arista Records, L.L.C. v. Does 1-54*, 2008 WL 4104563, *1 (E.D. Mo. Aug. 29, 2008).

15.     In general, courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party seeking discovery establishes "good cause" for such discovery.  *See Monsanto*, 250 F.R.D. at 412; *Arista Records*, 2008 WL 4104563 at *1.  Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.  *Id.*

16.     Here, the need for expedited discovery is patently evident.  The full nature and extent of the damage to Plaintiffs posed by the illegal Campaign of the Defendant cannot be known as there is no way to know how many consumers have viewed Defendant's false and misleading Campaign and have been lured to buy Defendant's product rather than hire H&R Block to prepare their taxes.  Absent expedited discovery, Defendant could be allowed to

4

continue their unlawful and wrongful acts until discovery could be had under the timeframes set forth in Rule 26 of the Federal Rules.

17. Plaintiffs are not aware of another way to obtain the information necessary to refute the claims made in Defendant's Campaign.

18. Plaintiffs' request for expedited discovery is limited in scope and necessary to the ability to pursue their claims and seek the important redress requested in the Complaint and Preliminary Injunction Motion.

19. A proposed order has been separately submitted to Chambers.

WHEREFORE, for the reasons set forth herein, Plaintiffs hereby respectfully request an Order of this Court as follows:

1. Granting Plaintiffs' motion for expedited discovery;

2. Providing that Plaintiffs may immediately serve the discovery requests upon Defendant substantially in the forms attached hereto as Exhibits A and B;

3. Providing that the discovery responses shall be made within four (4) days after the date of service and that such return period is reasonable under the circumstances; and

4. Providing that Plaintiffs are further authorized to commence additional discovery as may be necessary to ascertain the information necessary to support their Complaint and Preliminary Injunction Motion.

**ORAL ARGUMENT RESPECTFULLY REQUESTED**

Respectfully submitted,

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP


By:    /s/ Anthony J. Durone
     Anthony J. Durone (MO Bar #43872)
     David F. Oliver (MO Bar #28065)
     Stacey R. Gilman (MO Bar # 55690)
     2600 Grand Boulevard Suite 1200
     Kansas City, Missouri 64108
     Telephone: (816) 561-7007
     Facsimile: (816) 561-1888
     adurone@berkowitzoliver.com
     doliver@berkowitzoliver.com
     sgilman@berkowitzoliver.com

**O'MELVENY & MYERS LLP**
Michael G. Yoder (to be admitted *pro hac vice*)
Jeffrey Barker (to be admitted *pro hac vice*)
Adam A. Levine (to be admitted *pro hac vice*)
Stephanie Noble (to be admitted *pro hac vice*)
610 Newport Center Drive, Suite 1700
Newport Beach, California 92660
Telephone: (949) 760-9600
Facsimile: (949) 823-6994
myoder@omm.com
jbarker@omm.com
alevine@omm.com
snoble@omm.com

**ATTORNEYS FOR PLAINTIFFS**

6