IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| H&R Block Eastern Enterprises, Inc., et al., | ) ) ) |
| Plaintiffs, | ) |
| vs. | ) No. 13-0072-CV-W-FJG |
| Intuit, Inc., | ) ) ) |
| Defendant | ) |

## ORDER

Pending before the Court is plaintiffs' motion for temporary restraining order and request for preliminary injunction (Doc. No. 5). Plaintiff seeks injunctive relief (until a preliminary injunction hearing, and thereafter until further Order of this Court) restraining defendant from (1) broadcasting, publishing, or disseminating, in any form or in any medium, the advertisements comprising the advertising Campaign referenced in the Complaint (Doc. No. 1); (2) broadcasting, publishing, or disseminating, in any form or in any medium, any promotional or advertising materials containing any use of H&R Block's intellectual property, including without limitation the "H&R Block" name and other federally-registered trademarks owned by H&R Block, in a manner that is likely to cause confusion, or to cause mistake, or to deceive; and (3) broadcasting, publishing, or disseminating, in any form or in any medium, any advertisement that claims, directly or implicitly, that: (a) More people filed their tax returns through Defendant than through H&R Block and other major tax return preparation companies combined; (b) H&R Block relies upon temporary and seasonal workers while Defendant does not; (c) H&R Block's tax preparers are untrained, unqualified, or inexperienced. See Doc. No. 5.

The Eighth Circuit uses a four-prong test to determine whether to grant a temporary restraining order. See Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981). The Court considers: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Id.

The Court conducted a teleconference on January 29, 2013, to discuss the motion for temporary restraining order. The Court finds that, in this case, the Dataphase factors have not been met. In particular, plaintiff has not demonstrated a probability of success on the merits. The standard for demonstrating a false advertising claim under the Lanham Act is: (1) Defendant made false statements of fact about its own or another's product; (2) the statement "actually deceived" or had the "tendency to deceive a substantial segment" of its audience; (3) the deception created was material; (4) defendant caused the statement to enter interstate commerce, and (5) plaintiffs have been or are likely to be injured as a result of the false advertisement. Allsup, Inc. v. Advantage 2000 Consultants Inc., 428 F.3d 1135, 1138 (8th Cir. 2005). Upon considering all of the submissions of the parties to-date, the Court finds that plaintiffs have not sufficiently demonstrated a probability of success at showing that the advertisements at issue are "literally false," and plaintiffs have not provided sufficient evidence that the statements "actually deceived" or had a tendency to deceive their audience. Plaintiffs further have not provided sufficient evidence that the deception created (if any) was material to a substantial segment of the intended audience. With respect to the other Dataphase factors, the Court finds that, on balance, they either weigh in favor of defendant or are neutral. Therefore, plaintiff's motion for a temporary

restraining order (Doc. No. 5) is **DENIED.**

At the conclusion of the January 29, 2013 teleconference, the Court **ORDERED** the parties to confer and submit to Rhonda Enss (rhonda_enss@mow.uscourts.gov) on or before **5:00 P.M. JANUARY 29, 2013,** a proposed scheduling order, giving proposals for (1) the scheduling of a preliminary injunction hearing (which may be consolidated with a trial on the merits, see Fed. R. Civ. P. 65(a)(2)), and (2) the timing of expedited discovery (see Doc. Nos. 8 and 14, motions to expedite discovery). Following this submission, the Court will enter a scheduling order for the preliminary injunction hearing.

**IT IS SO ORDERED.**

                                            /s/ FERNANDO J. GAITAN, JR.
                                            Fernando J. Gaitan, Jr.
                                            Chief United States District Judge

Dated: January 29, 2013
Kansas City, Missouri