# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

H&R Block Eastern Enterprises,  )
Inc., et al.,                   )
                                )
    Plaintiffs,          )
vs.                             )    No. 13-0072-CV-W-FJG
                                )
Intuit, Inc.,                   )
                                )
    Defendant.           )

## ORDER

Before the Court are Plaintiffs' discovery dispute letter, dated February 15, 2013, and Defendant's discovery dispute letter, dated February 15, 2013. The Court finds a teleconference to be unnecessary, and therefore issues this ruling on the parties' disputes.

First, the Court is concerned that the parties are engaging in some discovery that is far afield from the limited purpose of the preliminary injunction hearing. In particular, the Court believes that the focus should be on the experience of plaintiffs' and defendant's tax preparers and consultants so that the Court can make a more informed assessment as to whether defendant's advertisements are literally false, or literally true or ambiguous but implicitly convey a false impression, are misleading in context, or are likely to deceive consumers. See United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998). Accordingly, within each of the below rulings on the parties' discovery disputes, the Court has presented the issues it believes to be critical in making its ruling on the motion for preliminary injunction. To the extent that the Court has ordered the parties' to produce information requested or provide witness(es) to testify, all discovery must be completed by **FRIDAY, FEBRUARY 22, 2013.**

Therefore, upon consideration of the parties' letters, the Court enters the following Order:

(1)     With respect to plaintiffs' request for a 30(b)(6) deponent prepared to testify to the topics in Doc. No. 38, Ex. A, Topic No. 10, the Court finds that the topics proposed in Topic No. 10 are too broad.  Instead, defendant should provide a 30(b)(6) deponent who is prepared to testify as to (a) the qualifications of defendant's tax consultants; (b) whether the person answering the customers' calls is the same person who is giving the tax advice. Further, the Court does not understand the relevance of (a) the length of each call and (b) the time frame of January 1, 2011 to the present.  Since no explanation was provided, this request will be denied.

(2)     With respect to plaintiffs' document request regarding defendant's solicitation of plaintiffs' employees for "tax expert" positions and its request for a 30(b)(6) deponent to testify regarding same, the Court finds that this is a collateral issue to this injunctive proceeding. Instead, this proceeding should be focused upon the relative experience and qualifications of the parties' tax consultants. The Court will not compel such discovery from defendant.

(3)     With respect to defendant's request for production of "documents wherein HRB offered to hire tax preparers with no prior experience," (Ex. A. to February 15 letter, No. 5), and "tax preparers that had no prior experience," (Ex. A to February 15 letter, No. 13), the Court finds that plaintiffs are making a great deal out of semantics when saying all of their employees have "experience," when that experience consists of training through plaintiffs' program which the trainees have paid for.  For purposes of the hearing, the Court needs to know what the hiring and training process is for both plaintiffs' and defendant's tax

2

consultants, and therefore, both defendant and plaintiffs shall provide this information to each other (and be prepared to discuss this information with the Court at the hearing). Accordingly, plaintiffs shall respond to defendant's requests.

(4)     With respect to defendant's request for "[d]ocuments sufficient to show the educational and work history" of plaintiffs' tax preparers (Ex. A. to February 15 letter, No. 9, see also Defendant's letter to the Court dated February 19, 2013), the Court agrees with plaintiffs that the production would be unduly burdensome.  However, the Court finds some discovery on this topic to be relevant to the issues of the qualifications of plaintiffs' employees and any industry standard as to the training of tax preparers and tax consultants (to the extent there is a difference between these types of employees).  Therefore, the Court orders plaintiffs to provide to defendant (to the extent they have not done so already) the following information:  (a) percent of seasonal vs. non-seasonal employees; (b) percent of seasonal employees preparing and/or consulting on tax returns; (c) percent of non-seasonal employees preparing and/or consulting on tax returns; (d) general description of educational/vocational background of seasonal vs. non-seasonal employees; (e) any differences in the tax preparation training for seasonal vs. non-seasonal employees.

(5)     Along the same lines as paragraphs 1 and 4, above, the Court instructs each side to provide discovery to the other (to the extent it has not already provided such discovery) regarding the following inquiries the Court believes to be relevant:  (a)  Is the person that receives inquiries by telephone, internet or other methods from prospective consumers of the tax service a trained and experienced tax consultant or preparer?  (b) If so, what is the extent of their training?

(6)     With respect to defendant's request for discovery on its "unclean hands"

theory based on plaintiffs' advertisements (Ex. A to February 15 letter, Nos. 20-22), the Court finds that the "unclean hands" theory has marginal application here, given the lack of connection between the content of plaintiffs' ads and defendant's ads. Accordingly, plaintiffs will not be required to provide such discovery to defendant.

**IT IS SO ORDERED.**


 /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: February 19, 2013
Kansas City, Missouri